# CV 15       3664

FILED
CLERK

2015 JUN 23  PM 3: 07

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT DURAN,

                             Plaintiff,

      -against-                                  Civil Docket No.

TUTOR PERINI CORPORATION,

                           Defendant.

----------------------------------------------------------------x

# VITALIANO, J.

## REYES, M.J.

## NOTICE OF REMOVAL

        Defendant TUTOR PERINI CORPORATION, hereinafter referred to as "TUTOR PERINI," by and through its attorneys LONDON FISCHER, LLP hereby files its Notice of Removal and respectfully states upon information and belief:

        1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and in that the action is between citizens of different states. It is also an action which Defendant TUTOR PERINI is entitled to remove to this Court pursuant to 28 U.S.C. § 1441.

        2.     This action was commenced against TUTOR PERINI in New York Supreme Court, Kings County, bearing index no. 88/2015 (hereinafter the "State Action").

        3.     The Summons and Verified Complaint were served on TUTOR PERINI on or about January 28. 2015 by certified mail to its registered agent. Copies of the Summons and Verified Complaint are annexed hereto as Exhibit "A." The Verified Complaint contained

only conclusory allegations of violations of New York Labor Law, and common law negligence, and otherwise merely asserted Plaintiff had sustained personal injury.

4.      On February 4, 2015, TUTOR PERINI served a demand pursuant to N.Y. C.P.L.R. § 3017(c), seeking a supplemental demand from Plaintiff setting forth his total claimed damages. A copy of Defendant's Demand Pursuant to § 3017(c) is annexed hereto as Exhibit "B."

5.      Plaintiff did not serve a compliant response with a demand for his total damages until June 8, 2015, which was received by counsel for Defendant on June 12, 2015. A copy of Plaintiff's Supplemental Response to Demand Pursuant to CPLR § 3017(c) is annexed hereto as Exhibit "C." Plaintiff demands $15 Million in damages.

6.      Prior to this demand, Defendant made numerous good faith efforts to secure a timely, compliant response to Defendant's demand in order to support this Notice, including motion practice. Annexed hereto as Exhibit "D" are copies of Defendant's good faith letters to Plaintiff and annexed hereto as Exhibit "E" are copies of Defendant's motion papers asking the court within the State Action to compel a response to Defendant's § 3017(c).

7.      At the time of the commencement of this action and at all times since, Plaintiff, ROBERT DURAN, is and has been, domiciled in the State of New York. For purposes of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(c)(2) and 1441, Plaintiff, ROBERT DURAN, is citizen of New York.

8.      At the time of the commencement of this action and at all times since, Defendant TUTOR PERINI's state of incorporation is and has been Massachusetts. At the time of the commencement of this action and at all times since, Defendant TUTOR PERINI's principal place of business is and has been California.

9.      TUTOR PERINI is not, and has not been at all relevant times, a citizen of the State of where this action was brought.  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(b).

10.      By reason of the amount in controversy and the complete diversity of citizenship of the properly joined parties, the action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

11.      Accordingly, the action is removable from the Supreme Court of the State of New York for the County of Kings to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

12.      This Notice of Removal is filed pursuant to Rule 11 of the Federal Rules of Civil Procedure within thirty (30) days of Defendant's receipt of a pleading which established that the requirements for diversity jurisdiction exist, i.e. complete diversity and the amount in controversy.  *See* Exhibit "B"; *see also Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

13.      Defendant TUTOR PERINI does not waive any affirmative defenses by filing this Notice of Removal.

14.      Defendant TUTOR PERINI reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant TUTOR PERINI respectfully prays that the action now pending in the Supreme Court of the State of New York for the County of Kings entitled *Robert Duran v. Tutor Perini Corporation,* Index No: **88/2015,** be removed from that court to this Court.

Dated: New York, New York
       June 22, 2015

                                        LONDON FISCHER LLP

                           By:    _____
                                  John Sparling, Esq. (2180560)
                                  Attorneys for Defendant
                                  TUTOR PERINI CORPORATION
                                  59 Maiden Lane – 39th Floor
                                  New York, New York 10038
                                  (212) 972-1000

TO:    Subin Associates, LLP
       Attorney for Plaintiff
       ROBERT DURAN
       150 Broadway
       New York, New York 10038
       (212) 285-3800

INDEX # 88/2015
FILED 1/06/2015

21874
JH
A

FILE #: 21874

SUPREME COURT of the STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
ROBERT DURAN,

                Plaintiff(s),

      -against-

TUTOR PERINI CORPORATION,

                Defendant(s)
-------------------------------------------------------------X

Index No.
Plaintiff(s) designates
KINGS
County as the place of trial
The basis of venue is
PLAINTIFF'S RESIDENCE
**Summons with Notice**
PLAINTIFF resides at

County of KINGS

To the above named Defendant(s)

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: December 30, 2014
Defendant's Addresses:

E-mailed to
JAN - 7 2015
PM Investigation

BY: MICHAEL J. MINGINO, ESQ.
*This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)*
**SUBIN ASSOCIATES, LLP**
Attorney(s) for Plaintiff(s)
Office and Post Office Address
150 Broadway
New York, New York 10038
(212) 285-3800

Notice: The object of this action is to
recover for personal injury
due to defendant(s) negligence

The relief sought is Monetary Damages

    Upon your failure to appear, judgment will be taken against you by default with interest from 8/4/2014 and the costs of this action

### DEFENDANT(S) ADDRESS(ES)

TUTOR PERINI CORPORATION
15901 Olden Street
Sylmar, CA 91342

KINGS COUNTY CLERK
RECEIVED
2015 JAN -6 AM 11:37

FILE #: 21874

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
ROBERT DURAN,

                         Plaintiff(s),

            -against-

TUTOR PERINI CORPORATION,

                        Defendant(s)
-------------------------------------------------------------X

<u>VERIFIED COMPLAINT</u>

       Plaintiff, complaining of the defendants by his attorney upon information and belief, respectfully allege(s):

AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF
<u>OF PLAINTIFF ROBERT DURAN</u>

      1.    That at all the times herein mentioned, the defendant TUTOR PERINI CORPORATION, hereinafter referred to as "TUTOR," was and still is a corporation doing business in the State of New York.

      2.    That at all the times herein mentioned, the defendant TUTOR, was the owner of the premises located at/or near 33rd Street asnd 10th Avenue.

      3.    That at all the times herein mentioned, the defendant TUTOR, its agents, servants and/or employees operated the aforementioned premises.

      4.    That at all the times herein mentioned, the defendant TUTOR, its agents, servants and/or employees maintained the aforementioned premises.

      5.    That at all the times herein mentioned, the defendant TUTOR, its agents, servants and/or employees managed the aforementioned premises.

      6.    That at all the times herein mentioned, the defendant TUTOR, its agents, servants and/or employees controlled the aforementioned premises.

      7.    That at all the times herein mentioned, the defendant TUTOR, its agents, servants

and/or employees was engaged in the business of construction.

8.     That at all the times herein mentioned, and prior to 8/4/2014, an agreement existed whereby defendant was to perform certain work, labor and/or services to the aforesaid premises located at 33rd Street and 10th Avenue, New York, New York.

9.     That on or about 8/4/2014 and for a period of time prior thereto, the defendant TUTOR, its agents, servants and/or employees served as a general contractor with regard to the performance of certain construction work, labor and services with reference to the aforesaid premises.

10.     That at all the times herein mentioned, the aforesaid construction work included the erection, roofing, demolition, repair, alteration and/or other work upon a certain building and/or structure situated upon and located at defendant's premises known as 33rd Street and 10th Avenue, New York, New York.

11.     That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain the aforesaid premises and/or construction site in a reasonably safe, suitable and adequate condition, and/or to provide plaintiff with a safe and suitable place to work and/or with safe and suitable equipment and material to work thereon pursuant to the applicable section of the Labor Law and/or other laws of the State of New York.

12.     That on 8/4/2014, the plaintiff ROBERT DURAN was lawfully upon defendant's aforesaid premises and/or construction site.

13.     That on 8/4/2014, the plaintiff ROBERT DURAN was lawfully upon defendant's aforesaid premises and/or construction site in the course and scope of his employment.

14.     That on 8/4/2014, and for a period of time prior thereto, there existed a dangerous defective and unsafe condition upon the defendant's aforesaid premises and/or construction.

15.     That at all the times herein mentioned, the plaintiff ROBERT DURAN

was employed by a company retained by the defendant to perform at defendant's aforesaid premises and/or construction.

16.     That at all the times herein mentioned, the defendants, their agents, servants and/or employees directed, supervised controlled and/or otherwise served to oversee certain construction work being performed upon defendant's aforesaid premises and/or construction site to include that work being performed by plaintiff upon the aforementioned premises.

17.     That at all the times herein mentioned, the aforesaid premises located at 33rd Street and 10th Avenue, New York, New York, was a public building within the meaning and definition of the Labor Law.

18.     That at all the times herein mentioned, the aforementioned barricades,, scaffolding, nets, to cover boards, floor, proper lights, guard rails were required under law to have suitable and/or properly attached safety rails and equipment of suitable material pursuant to Section 240 of the Labor Law.

19.     That at all the times herein mentioned, the aforementioned safety devices were required under the law to be so fastened as to prevent it from swaying from the building or structure pursuant to Section of the Labor Law.

20.     That pursuant to the provision of the laws of the State of New York, it was the duty of the defendants, their agents, servants and/or employees to supply and/or provide safety devices and/or equipment to be used in connection with the work being performed by the plaintiff at and/or upon defendant's aforesaid premises.

21.     That at all the times herein mentioned, and pursuant to provisions of the laws of the State of New York, the aforementioned safety devices and/or equipment was required to be free of defects.

22.     That on or about 8/4/2014, while in the course of his employment and upon the aforesaid roof of the construction site/premises which was owned, operated, maintained, controlled and/or provided as hereinbefore mentioned, the plaintiff ROBERT DURAN's hand was punctured and/or struck by a piece of rebar steel that was being hoisted at an angle by a

crane and said rebar steel was part of an assembly of a rebar wall when the operator of the crane raised the rebar structure to above the head of ROBERT DURAN while ROBERT DURAN was standing on a man-lift and the operator of the crane raised the rebar structure with ROBERT DURAN positioned below the load while the rebar was insufficiently and/or improperly secured and/or sling(s) were improperly placed and/or negligently placed and/or insufficient to secure the rebar and absent required spreader bar, being severely and permanently injured as result of a dangerous, defective and/or unsafe condition existing upon the defendant's aforesaid premises and/or construction site.

23.     That the aforesaid occurrence was due solely and wholly to the carelessness, lack of care and failure to comply with the statutes, ordinances, rules, regulations, codes made and provided therefor to include Labor Law Sections 240 and 241 on the part of the defendants, their agents, servants and/or employees and without any lack of care or negligence of the plaintiff in any way contributing thereto.

24.     That at all the times herein mentioned, the defendants, their agents, servants and/or employees failed to provide, equip and maintain approved safety devices in the aforementioned premises and they were further reckless, careless and negligent in that the said defendants their agents, servants and/or employees failed to provide a safe place and means to perform the work which the plaintiff was engaged to perform.

25.     That the defendants, their agents, servants and/or employees knew or should have know, in the exercise of reasonable care, the inherent danger in the aforesaid safety device and knew or should have known the purpose for which the safety devices were intended and further knew or should have known the danger and hazard to those using same and engaged thereon.

26.     That the aforesaid roof/premises were in defective condition instrumentality creating the danger aforementioned to the knowledge of the defendants, their agents, servants and/or employees.

27.     That it was the duty of the defendants, their agents, servants and/or employees

by reason of the inherently dangerous nature of the said roof/premises to maintain and control and inspect and repair said roof/premises in a reasonably safe and proper manner so as not to endanger the life and limb of those persons lawfully using same.

28.     That on  8/4/2014 , and for a period of time prior thereto, there existed a dangerous, defective and unsafe condition upon the aforesaid premises and/or construction site.

29.     That the defendants, their agents, servants and/or employees were negligent and careless in that they failed to provide proper protection and equipment and maintain safety devices at the aforementioned premises; in suffering, causing and/or permitting and allowing ROBERT DURAN to be seriously injured by reason of the negligence and lack of the aforementioned premises including its aforesaid building structure to be altered, erected, repaired, demolished and/or otherwise constructed without providing the proper means of safety for claimant, to conform with the requirements of the Labour Law of the State of New York; in failing and/or failing to properly provide safe and/or adequate safety devices and/or equipment for the plaintiff to use as provided for by the statutes, ordinances, rules and regulations and codes, in failing and/or failing to properly warn and/or apprise of the dangerous conditions; in failing and/or failing to post signs, rope and/or otherwise cordon the aforementioned dangerous and hazardous condition; in being negligent and careless in the ownership for a long period and/or unreasonable period of time all of which the defendant, its agents, and employees had due and prior notice of; in failing to apprise and/or warn the persons and in particular the plaintiff of the aforementioned conditions; in improperly and inadequately maintaining and repairing said premises and/or surrounding construction sites all of which existed for a long and unreasonable period of time then and there existing and in otherwise being negligent, careless and reckless in the premises all in the violation of the statutes, laws, rules, codes, regulations made and provided therefor and in being generally reckless and negligent in the premises. Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

30.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

31.     Both actual and constructive notice are claimed.  Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

32.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF
OF PLAINTIFF ROBERT DURAN  – LABOR LAW §200

33.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

34.     Under §200 of the Labor Law of the State of New York, the defendants had a duty to protect the health and safety of the plaintiff.

35.     Under §200 of the Labor Law of the State of New York, the defendants had a duty to construct, equip, arrange, operate and conduct all places to which the Labor Law applies in a way that provides reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting.

36.     Under §200 of the Labor Law of the State of New York, the defendants had a duty to place, operate, guard and light all machinery, equipment and devices at all places to which the Labor Law applies in a way that provides reasonable and adequate protection to all persons.

37.     The defendants violated §200 of the Labor of the State of New York.

38.     The aforesaid violation of §200 of the Labor Law of the State of New York was a proximate cause of the injuries, pain, suffering, the loss of enjoyment of life, and other adverse consequences that the plaintiff has sustained or will sustain.

39.     The defendants are liable to the plaintiff pursuant to §200 of the Labor Law of the State of New York.

40.     That as a result of the defendants' negligence and the violations of the Labor Law as aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROBERT DURAN – LABOR LAW §240(1)

41.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

42.     Under §240 of the Labor Law of the State of New York, the defendants had a duty to furnish, erect scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices so constructed, placed and operated to give proper protection to plaintiff.

43.     The defendants violated §240(1) of the Labor Law of the State of New York.

44.     The aforesaid violation of §240(1) of the Labor Law of the State of New York was a proximate cause of the injuries, pain, suffering, the loss of enjoyment of life, and other adverse consequences that the plaintiff has sustained or will sustain.

45.     The defendants are liable to the plaintiff pursuant to §240(1) of the Labor Law of the State of New York.

46.     That as a result of defendants' negligence and the violations of the Labor Law as aforesaid, this plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF

OF PLAINTIFF ROBERT DURAN – LABOR LAW §241

47.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

48.     Under §241 of the Labor Law of the State of New York, the defendants had a duty to construct, shore, equip, guard, arrange, operate and conduct all areas in which construction, excavation or demolition work is being performed to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

49.     The defendants violated §241 of the Labor Law of the State of New York.

50.     The aforesaid violation of §241 of the Labor Law of the State of New York was a proximate cause of the injuries, pain, suffering, the loss of enjoyment of life, and other adverse consequences that the plaintiff has sustained or will sustain.

51.     The defendants are liable to the plaintiff pursuant to §241 of the Labor Law of the State of New York.

52.     That by reason of the foregoing and the negligence of the defendants, the plaintiff was severely injured, bruised, wounded, suffered, still suffers and will continue to suffer for the rest of his life great physical pain and great bodily and mental injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

53.     That by reason of the foregoing, the plaintiff was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff will necessarily incur similar expenses.

54.     That by reason of the foregoing and the negligence of the said defendants, this plaintiff has been unable to attend to his usual occupation and vocation in the manner required and has incurred out of pocket expenses, loss of earnings and other related expenses and may, in the future, incur further expenses due to recklessness and/or negligence of the defendants herein.

55.     That by reason of the foregoing and the negligence of said defendants, this plaintiff is informed and verily believes, his aforesaid injuries are permanent and he will

permanently suffer from the effects of the aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and suffering.

56.     This action falls within one of the exemptions enumerated in CPLR Section 1602.

57.     That as a result of the defendants' negligence and violations of the Labor Law as aforesaid, this plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROBERT DURAN – LABOR LAW §241(6)

58.     Plaintiff repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

59.     Under §241(6) of the Labor Law of the State of New York, the defendants had a duty to construct, shore, equip, guard, arrange, operate and conduct all areas in which construction, excavation or demolition work is being performed to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

60.     That at all times hereinafter mentioned, the plaintiff was entitled to proper protection under the Industrial Code of the State of New York.

61.     The defendants have violated sections of the Section 241(6) of the Labor Law and sections of the Industrial Code including, but not limited to; Rules 23-8.1 (e), 23-8.1(f)(1) (iv), 23-8.1(f)(2) (ii), 23-8.1(f)(4), 23-8.1(f)(5), 23-8.1(f)(6), 23-8.1(f)(7), 23-8.2 (c), 23-8.2 (g), 23-1.5, and 23-2.3 in that plaintiff's hand was punctured and/or struck by a piece of rebar steel that was being hoisted at an angle by a crane and said rebar steel was part of an assembly of a rebar wall when the operator of the crane raised the rebar structure to above the head of ROBERT DURAN while ROBERT DURAN was standing on a man-lift and the operator of the crane raised the rebar structure with ROBERT DURAN positioned below the load while the rebar was insufficiently and/or improperly secured and/or sling(s) were improperly placed and/or

negligently placed and/or insufficient to secure the rebar and absent required spreader bars; said slings were insufficiently placed and/or placed negligently, resulting in jammed slings and/or rebar and/or an insufficient number of slings and/or tag lines were used; in negligently and carelessly operating said crane and equipment and lifting the improperly secured load above the head of ROBERT DURAN and/or at a dangerous angle/position before plaintiff could remove himself from the raised/hoisted load and before plaintiff could remove his hand from the protruding and/or dislodged sling(s) and/or piece of rebar forming part of the rebar structure and the gravity and force of the unsecured rebar structure thrust plaintiff backward onto part of the man lift which lacked required handles, for which the defendant, its agents, servants/ and/or employees bear full responsibility by reason of the non-delegable duties imposed on it by the stated provisions of the Labor Law. Plaintiff's injuries were caused in part by the negligence of defendant, its agents, servants and/or employees; in failing to construct, store, equip, guard, arrange, operate and conduct a place of employment adequate to protect the health and safety of claimant; in failing to correct a dangerous condition; in failing to warn claimant of a dangerous condition; and in failing to inspect the premises. The accident was caused in part by and due to the violation by the defendant, its agents, servants and/or employees of § 240 of the Labor Law, in that as the owner/contractor they had a non-delegable duty to furnish to the plaintiff, or erect, or cause to be furnished or erected for the performance of his work, scaffolding, hoists, slings, braces, stays, and other devices that would be so constructed, placed, and operated as to give proper protection to the plaintiff from the dangers presented by the movement and angle and/or position of the insufficiently secured rebar load and the gravitational force of same while plaintiff was working at an elevation lower than the position of the load and while required to work on a man lift without handles to prevent the application of force from the inadequately secured suspended load from thrusting plaintiff's back onto the man lift. Defendant failed in that duty and failed to shield plaintiff from the application of force and violated § 240 of the Labor Law, and the defendants failed to warn plaintiff of the dangers then and there existing, and the accident was caused by defendant, its agents, servants and/or employees in failing to provide

plaintiff with a safe place to work as required by the Labor Law.

61.    The defendants have violated sections of the Industrial Code.

63.    That as a result of the defendants' violation of the various sections of the New York State Industrial Code on 8/4/2014, plaintiff was caused to sustain serious, permanent and grave personal injuries, pain and suffering, was totally incapacitated and totally disabled from performing and attending his usual duties and was compelled to expend diverse sums of money for his medical care, treatment and attention, and for medication, with further sums of money anticipated in the future.

64.    That as a result of the aforesaid the plaintiff was caused to sustain serious, painful and permanent injuries to his body, health, organs, nerves and nervous system and has and will continue to lose time from his usual vocation and avocations; has spent and will continue to spend large sums of money in endeavoring to cure himself of said injuries; has been, as he is informed and verily believes permanently crippled, maimed and injured; in all to his damage both compensatory and exemplary, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

65.    That by reason of the foregoing, plaintiff ROBERT DURAN was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment, both compensatory and exemplary, against

the defendants in the FIRST cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment, both compensatory and exemplary, against the defendants in the SECOND cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment both compensatory and exemplary, against the defendants in the THIRD cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment, both compensatory and exemplary, against the defendants in the FOURTH cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; plaintiff demands judgment, both compensatory and exemplary, against the defendants in the FIFTH cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of this action.

Yours, etc.

SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
150 Broadway
New York, New York  10038

STATE OF NEW YORK)
COUNTY OF KINGS     )

The undersigned, affirms that the following statements are true under the penalties of perjury.

That deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true.  The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

*This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)*

---

**ROBERT DURAN**

SWORN TO BEFORE ME THIS
        DAY OF                            , 2015

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
ROBERT DURAN,

                          Plaintiff(s),

       -against-

TUTOR PERINI CORPORATION,

                     Defendant(s)

## SUMMONS AND COMPLAINT

### SUBIN ASSOCIATES, L.L.P.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
150 Broadway, 23rd Floor
New York, NY 10038
Telephone (212) 285-3800

*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

To:
Attorney(s) for

Service of a copy of the within is hereby admitted
Dated,

.........................................................
Attorney(s) for

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on       , 20___.
ENTRY

☐    That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within

SETTLEMENT named court,
         at
         on       , 20___ , at 10:00 a.m.

Dated:

                                   SUBIN ASSOCIATES, L.L.P.
                                   Attorneys for plaintiff(s)
                                   150 Broadway, 23rd Floor
                                   New York, NY 10038
                                   (212) 285-3800

Attorney(s) for Defendant(s)

2015012220

007

4/9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------x
ROBERT DURAN,

                              Plaintiff,

     -against-

Index No.: 88/2015

DEMAND PURSUANT
TO CPLR § 3017(c)

TUTOR PERINI CORPORATION

                              Defendant
----------------------------------------------------------------x

C O U N S E L

        Defendant TUTOR PERINI CORPORATION, through its undersigned counsel,

hereby demands that within fifteen (15) days of this request, Plaintiff provide a supplemental

demand setting forth the total damages to which the Plaintiff deems himself entitled to recover

for personal injuries.

Dated: New York, New York
        February 3, 2015

                                LONDON FISCHER LLP

                 By:

                                John E. Sparling
                                Attorneys for Defendant
                                TUTOR PERINI CORPORATION
                                59 Maiden Lane – 39th Floor
                                New York, New York 10038
                                (212) 972-1000

TO:    Subin Associates, LLP
        Attorney for Plaintiff
        ROBERT DURAN
        150 Broadway
        New York, New York 10038
        (212) 285-3800

{N0729830.1 }

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

CHRISTINE KULOVANY, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Suffolk County, New York.  On February 4, 2015, deponent served a copy of the within DEMAND PURSUANT TO CPLR §3017(c) by mail upon:

Subin Associates, LLP
Attorney for Plaintiff
ROBERT DURAN
150 Broadway
New York, New York 10038

the attorneys for the respective parties in this action, at the above addresses designated by said attorneys for that purpose, by depositing true copies of same in post-paid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

CHRISTINE KULOVANY

Sworn to before me this
4th day of February, 2015

Notary Public

SARAH M. RODRIGUEZ
Notary Public, State of New York
No. 01RO6085127
Qualified in Kings County
Commission Expires Dec. 23, 20

{N0064730.1 }

21874
JP1

FILE #: 21874

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

ROBERT DURAN,

                  Plaintiff (s),

    -against-

TUTOR PERINI CORPORATION,

                  Defendant(s).

-----------------------------------------------------------------X

                                 <u>SUPPLEMENTAL RESPONSE</u>
                                <u>TO DEMAND PURSUANT TO</u>
                                   <u>CPLR § 3017(C)</u>

                                  Index No.: 88/2015

       Plaintiff(s), as and for his Response to Notice of Discovery and Inspection, by his attorney, upon information and belief, respectfully allege(s):

1. Total amounts claimed as special damages are in the fair and reasonable and approximate amounts as follows:

        A-H: $15 Million

Dated: New York, New York
       June 8, 2015

                               Yours, etc.

                               SUBIN ASSOCIATES, LLP
                               Attorneys for Plaintiff(s)
                               150 Broadway, 23rd Floor
                               New York, New York 10038
                               (212) 285-3800

TO:
**LONDON FISCHER LLP**
Attorneys for Defendant(s)
TUTOR PERINI CORPORATION
59 Maiden Lane, 39th Floor
New York, New York 10038
Tel.: (212) 972-1000

*Index No 88/2015*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

---

ROBERT DURAN,

        Plaintiff(s),

    -against-

TUTOR PERINI CORPORATION,

        Defendant (s).

---

***SUPPLEMENTAL RESPONSE TO DEMAND PURSUANT TO CPLR § 3017(c)***

---

SUBIN ASSOCIATES, LLP
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
150 Broadway, 23rd Floor
NEW YORK, NY 10038
TELEPHONE (212) 285-3800

**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

---

*Service of a copy of the within    is hereby admitted*
*Dated:,*

    ......................................................
      *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐ *That the within is a (certified) true copy of an* ORDER *entered in the office*
**NOTICE OF** *of the clerk of the within named court on*    , 2015.
**ENTRY**

☐ *That an Order of which the within is a true copy will be presented for*
**NOTICE OF** *settle to the Hon.*    *one of the judges of the within*
**SETTLEMENT** *named court,*    *at*    *on*    , 2015, *at 10:00*
*a.m.*
*Dated:*



# LONDON FISCHER LLP
### 59 MAIDEN LANE
### NEW YORK, NEW YORK 10038

| IRVINE OFFICE | (212) 972-1000 | LOS ANGELES OFFICE |
|---|---|---|
| 2505 McCABE WAY, SUITE 100 | FACSIMILE: (212) 972-1030 | 21550 OXNARD STREET, SUITE 300 |
| IRVINE, CALIFORNIA 92614 | WWW.LONDONFISCHER.COM | WOODLAND HILLS, CALIFORNIA 91367 |
| TELEPHONE: (949) 252-0550 | | TELEPHONE: (818) 224-6068 |
| FACSIMILE: (949) 252-0553 | | FACSIMILE: (818) 224-6061 |

February 25, 2015

**BY FAX AND FIRST CLASS MAIL**

Subin Associates, LLP
150 Broadway
New York, New York 10038

Attention: Michael J. Mingino, Esq.

        Re:    *Robert Duran v. Tutor Perini*
                  <u>Our File No.:  440.021</u>

Dear Mr. Mingino:

        As you are aware, we have been retained on behalf of Tutor Perini in the above-referenced matter.

        On February 4, 2015 we mailed to your offices a Demand pursuant to CPLR § 3017(c) (courtesy copy attached herein) and to date we have not received a response.

        Please respond within the next five (5) business days to avoid unnecessary judicial intervention.

        Thank you for your attention to this matter and should you have any questions, please do not hesitate to contact our office.

        Very truly yours,

        LONDON FISCHER LLP

        Douglas H. Miller

{N0739575.1}

# LONDON FISCHER LLP

### 59 MAIDEN LANE
### NEW YORK, NEW YORK 10038

| IRVINE OFFICE | (212) 972-1000 | LOS ANGELES OFFICE |
|---|---|---|
| 2505 McCABE WAY, SUITE 100 | FACSIMILE: (212) 972-1030 | 21550 OXNARD STREET, SUITE 300 |
| IRVINE, CALIFORNIA 92614 | WWW.LONDONFISCHER.COM | WOODLAND HILLS, CALIFORNIA 91367 |
| TELEPHONE: (949) 252-0550 | | TELEPHONE: (818) 224-6068 |
| FACSIMILE: (949) 252-0553 | | FACSIMILE: (818) 224-6061 |

April 22, 2015

**BY FAX AND FIRST CLASS MAIL**

Subin Associates, LLP
150 Broadway
New York, New York 10038

Attention: Michael J. Mingino, Esq.

       Re:    *Robert Duran v. Tutor Perini Corporation*
                 Our File No.: 440.021

Dear Mr. Mingino:

       As you are aware, we have been retained on behalf of the Tutor Perini Corporation in the above-referenced matter.

       We are in receipt of your response to our Demand Pursuant to CPLR § 3017(c), dated April 6, 2015. Please be advised, we consider your response to be insufficient. CPLR § 3017 provides:

> [A] party against whom an action to recover damages for personal injuries or wrongful death is brought, <u>may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.</u> A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served.

N.Y. C.P.L.R. § 3017(c) (emphasis added). From your response, it appears your office treated our demand as one to itemize or particularize special damages. However, that information was properly requested in our demand for a Bill of Particulars. Section 3017(c) provides that a party is entitled to a "demand setting forth the total damages" that the Plaintiff claims in cases where such amounts are barred from being pled in the complaint, as here. As you are aware, we have a pending motion to compel a response to this demand. As your response is deficient, we ask that you please send a compliant response setting the total amount you believe your client is entitled to recover in this action. In the interests of moving the litigation forward, we would ask that you

{N0763649.1 }

Subin Associates, LLP
Attention: Michael Mingino, Esq.
April 22, 2015
Page 2

provide a response prior to the current motion return date, so we may withdraw our motion and
proceed accordingly.

Thank you for your attention to this matter and should you have any questions,
please do not hesitate to contact the undersigned.  Please be further advised, this office has made
numerous attempts to contact your office by phone since we received the complaint in late
January to discuss the case and discovery issues and have not received any response.

Very truly yours,

LONDON FISCHER LLP

Douglas H. Miller

LONDON FISCHER LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
ROBERT DURAN,

                              Plaintiff,

      -against-

TUTOR PERINI CORPORATION,

                              Defendant.
-----------------------------------------------------------------x

Index No.: 88/2015

**NOTICE
OF MOTION**

PLEASE TAKE NOTICE, that upon the annexed Affirmation of Douglas H. Miller, sworn to on the 26th day of May, 2015, the Affirmation of Good Faith and the exhibits annexed thereto, and upon all the prior pleadings and proceedings had in this action, Defendant TUTOR PERINI CORPORATION, by its attorneys, LONDON FISCHER LLP, shall move this Court at the Motion Submission Part, of the courthouse located at 360 Adams Street, Brooklyn, New York on the 21st day of April 2015, at 9:30 a.m. for an Order:

    a. Pursuant to CPLR § 3017(c), compelling Plaintiff to fully respond to the Defendant's Demand Pursuant to CPLR § 3017(c) dated February 3, 2015 within fifteen (15) days after service of the Order to be issued herein with notice of entry; and

    b. For such other, further, and different relief as this Court may deem just and proper.

{N0752275.1 }

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR § 2214(b), all answering/opposing papers are to be served upon the undersigned no later than seven (7) days prior to the return date of this motion.

Dated: New York, New York
      March 26, 2015

                    LONDON FISCHER LLP

By: _____
                    Douglas H. Miller
                    Attorneys for Defendant
                    TUTOR PERINI CORPORATION
                    59 Maiden Lane – 39th Floor
                    New York, New York 10038
                    (212) 972-1000

TO:    Subin Associates, LLP
        Attorney for Plaintiff
        ROBERT DURAN
        150 Broadway
        New York, New York 10038
        (212) 285-3800

2

{N0752275.1 }

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x

ROBERT DURAN,

                                 Index No.: 88/2015

                    Plaintiff,

   -against-                                    **AFFIRMATION**
                                                   **IN SUPPORT**

TUTOR PERINI CORPORATION,

                    Defendant.
-----------------------------------------------------------------x

        DOUGLAS H. MILLER, an attorney duly licensed to practice law in the State

of New York, makes the following Affirmation under the penalties of perjury:

        1.     I am associated with the law firm of London Fischer LLP, attorneys for

Defendant TUTOR PERINI CORPORATION ("TUTOR" or Defendant), in this action and as

such I am fully familiar with the facts and circumstances set forth herein.

        2.     I submit this Affirmation in support of TUTOR's motion for an Order:

            a.  Pursuant to CPLR § 3017(c), compelling Plaintiff to fully respond to the Defendant's Demand Pursuant to CPLR § 3017(c) dated February 3, 2015 within fifteen (15) days after service of the Order to be issued herein with notice of entry; and

            b.  For such other, further, and different relief as this Court may deem just and proper.

## NATURE OF THE ACTION AND PROCEDURAL BACKGROUND

        5.     This action arises out of an accident that allegedly occurred on August 4,

2014 at a construction project in Manhattan.  Plaintiff claims he sustained personal injury

while working at the site.

{N0752281.1}

6.      Plaintiff filed his Complaint on or about January 6, 2015, seeking compensation for personal injuries allegedly sustained as a result of the incident cited in the complaint pursuant to Labor Laws §§ 200, 240, and 241, as well as common law negligence. A copy of Plaintiff's Summons and Verified Complaint is annexed hereto as Exhibit "A."[1]

7.      Following receipt of the Complaint, your affirmant's office attempted to contact Plaintiff's counsel in order to discuss the litigation and the possibility of extending the time to answer prior to serving the Answer, but Plaintiff's counsel never responded to counsel's phone calls or letters. *See* Affirmation of Good Faith annexed hereto; *see also* Defendant's correspondence dated February 6, 2015, a copy of which is annexed hereto as Exhibit "B."

8.      Defendant joined issue by service of a Verified Answer on February 12, 2015. A copy of Defendant's Verified Answer is annexed hereto as Exhibit "C."

9.      Among other demands served on Plaintiff, Defendant served a demand pursuant to CPLR § 3017(c) demanding that the Plaintiff set forth the total amount of damages that Plaintiff believes he is entitled to as a result of the personal injuries alleged within the Complaint. A copy of Defendant's Demand Pursuant to CPLR § 3017(c) is annexed hereto as Exhibit "D." This demand was served on February 4, 2015.

10.     Attempts were made to secure a response to this demand form Plaintiff's counsel, including through telephone calls and written correspondence. *See* Affirmation of Good Faith annexed hereto; *see also* Defendant's letter dated February 25, 2015, a copy of which is annexed hereto as Exhibit "E."

---

[1] It should be noted that the verification of Mr. Duran was unsigned.

{N0752281.1 }

11.     To date, Plaintiff has not responded to Defendant's demand.  As such, it is respectfully submitted that Plaintiff should be compelled to provide a response pursuant to CPLR § 3017(c).

## ARGUMENT

12.     CPLR § 3017 provides that a Plaintiff generally may not allege the actual dollar amount of damages sought in the complaint in a personal injury or wrongful death action.  See N.Y. C.P.L.R. § 3017(c) (a complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled").  However, § 3017(c) goes on to provide:

> a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.  In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served.

*Id.*; *see also Ardelean v. Affuso*, 35 Misc. 3d 476, 477, 939 N.Y.S.2d 689, 690 (S. Ct. Queens Cnty. 2012) (finding "the plain language of the statute [§ 3017(c)] requires that plaintiff provide a specific sum when met with a demand from defendant"); *Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Moreover, the plain language of New York Civil Practice Law and Rule ("C.P.L.R.") 3017(c) accords defendants with an explicit remedy in the face of plaintiff's failure timely to respond to the *ad damnum* demand:  the state court, on motion, may order plaintiff to respond.").

13.     More than fifteen days have elapsed since Defendant first made its demand and there has been no response despite Defendant's attempts to obtain Plaintiff's compliance with its demand.  The statute is clear on its face, while it would be improper to put

3

{N0752281.1 }

a specific dollar amount into the Complaint initially, Plaintiff was required to respond with a specific figure to Defendant's supplemental demand over four weeks ago. Given Plaintiff's failure to do so, the Court should order a timely, compliant response within fifteen days of notice of entry of any order issued following this motion.

WHEREFORE, it is respectfully requested that Defendant's motion be granted in its entirety and that this Court issue an Order compelling Plaintiff to fully respond to the Defendant's Demand Pursuant to CPLR § 3017(c) within fifteen (15) days after service of the Order to be issued herein with Notice of Entry, together with such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
        March 26, 2015

                                        LONDON FISCHER LLP

                            By:         _____
                                        Douglas H. Miller
                                        Attorneys for Defendant
                                        TUTOR PERINI CORPORATION
                                        59 Maiden Lane – 39th Floor
                                        New York, New York 10038
                                        (212) 972-1000

TO:     Subin Associates, LLP
        Attorney for Plaintiff
        ROBERT DURAN
        150 Broadway
        New York, New York 10038
        (212) 285-3800

4

{N0752281.1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
ROBERT DURAN,

                          Plaintiff,

    -against-

TUTOR PERINI CORPORATION,

                          Defendant.
-----------------------------------------------------------------x

Index No.: 88/2015

**AFFIRMATION
OF GOOD FAITH**

        DOUGLAS H. MILLER, an attorney admitted to practice law before the courts of the State of New York, affirms the following under the penalties of perjury pursuant to CPLR § 2106:

        1.    I am associated with the firm LONDON FISCHER LLP, attorneys for Defendant TUTOR PERINI CORPORATION, ("Defendant") in the above-referenced matter and, as such, I am fully familiar with the facts and circumstances set forth herein.

        2.    I make this Affirmation after having reviewed the file materials maintained by Defendant for the defense of this action.

        3.    This Affirmation is submitted in compliance with Uniform Rule 202.7 which requires that a good faith effort be made prior to initiation of motion practice regarding matters of discovery.

        4.    A good faith effort has been made to secure a response to Defendant's Demand Pursuant to CPLR § 3017(c). *See* Exhibit "C" annexed to the Affirmation of Douglas H. Miller dated March 26, 2015.

        5.    Your affirmant's office has called Plaintiff's counsel on numerous occasions leaving messages with staff and voicemails, in an attempt to contact counsel and request a

{N0752259.1 }

response to this demand.   Your affirmant's office called counsel no less than six times in February and March, but never received a response to Defendant's demand.

6.      Your affirmant's office then sent follow up correspondence on February 25, 2015 seeking Plaintiff's compliance. *See* Exhibit "E." But Plaintiff has still not responded.

7.      Consequently, it is respectfully submitted that judicial intervention is necessary.


Dated: New York, New York
       March 26, 2015

                                        LONDON FISCHER LLP

                        By:     _____
                                Douglas H. Miller
                                Attorneys for Defendant
                                TUTOR PERINI CORPORATION
                                59 Maiden Lane – 39th Floor
                                New York, New York 10038
                                (212) 972-1000


TO:    Subin Associates, LLP
       Attorney for Plaintiff
       ROBERT DURAN
       150 Broadway
       New York, New York 10038
       (212) 285-3800

{N0750683.1 }